# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

William A. Rankin,

          Plaintiff,         Case No. 23-cv-10966

v.                                   Judith E. Levy
                                   United States District Judge

Brian Lavan and Associates, PC, *et al.*,      Mag. Judge Anthony P. Patti

          Defendants.

_____/

## OPINION AND ORDER DISMISSING CASE
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 3

On April 25, 2023, *pro se* Plaintiff William A. Rankin filed a document titled "Motion that the US Supreme Court may have error in its decision of due process and admitted fraud on the court." (ECF No. 1.) In his filing, Plaintiff asserts that the United States Supreme Court erred by denying his petition for a writ of certiorari in Case No. 06-cv-13726, a case that was previously before this Court.[1] He requests that the Court

---

[1] Plaintiff does not explicitly mention Case No. 06-cv-13726; however, the Court believes that his filing relates to that case. In his filing, Plaintiff indicates that he is challenging the decision in Case No. 22-6693 before the United States Supreme

review the Supreme Court's denial of certiorari. (*See id.* at PageID.1–3; *see also* Case No. 06-cv-13726, ECF No. 103.)

Although Plaintiff's filing was docketed as a complaint and it has "Complaint" handwritten above the title, it is a motion both in substance and form. The filing does not contain the elements of a complaint as specified in Federal Rule of Civil Procedure 8. Under Rule 8, a complaint must contain

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Plaintiff's filing is not a complaint because it does not identify claims or the basis for the Court's jurisdiction. (*See* ECF No. 1.) In addition, Plaintiff himself refers to the filing as a motion in multiple places. (*See, e.g., Id.* at PageID.1, 7, 9, 29.) For example, his filing states

---

Court. (*See* ECF No. 1, PageID.2.) That Supreme Court case number (22-6693) appears on a letter docketed in Case No. 06-cv-13726 in which the U.S. Supreme Court denied Plaintiff's petition for a writ of certiorari. (*See* Case No. 06-cv-13726, ECF No. 103.) Moreover, Plaintiff's filing was submitted on April 25, 2023, shortly after the Supreme Court denied Plaintiff's petition for a writ of certiorari on April 17, 2023.

2

that "Plaintiff William A. Rankin respectfully asks this Honorable Court grant Motion That The U.S. Supreme Court May Have Error In Its Decision Of Due Process; Process; and Admitted Fraud On The Court." (*Id.* at PageID.7.) Other than the handwritten word "Complaint" above the title of his filing (which is otherwise typed), he does not refer to the filing as a complaint.

Federal Rule of Civil Procedure 3 provides that "[a] civil action is commenced by filing a complaint." Fed. R. Civ. P. 3. In other words, Plaintiff cannot open a new civil case by filing a motion. Because Plaintiff has not filed a complaint, he did not properly commence a civil action. Accordingly, this case is dismissed without prejudice. *See, e.g.*, *Frazer v. Fed. Bureau of Prisons*, No. 5:23-cv-00127-GFVT, 2023 WL 3204009, at *1 (E.D. Ky. May 1, 2023) ("Rule 3 of the Federal Rules of Civil Procedure makes it clear that '[a] civil action is commenced by filing a complaint with the court.' Here, [the plaintiff] has not yet filed either a complaint or another initial pleading, and, as a result, he has not properly commenced a civil action. Thus, the Court cannot entertain [the plaintiff's] motion."); *Batchelor v. Hamilton Bancshares, Inc.*, 875 F.2d 861 (6th Cir. 1989) ("Given that an action may be subject to dismissal if

a complaint is not filed, the district court did not err in granting the defendants' motions to dismiss."); *Small v. Harry*, No. 1:16-cv-14443, 2017 WL 282043, at *1 (E.D. Mich. Jan. 23, 2017).

Additionally, the Court notes that refiling this motion in any form would be futile because the Court cannot review the decisions of the United States Supreme Court. *See generally* U.S. Const.; 28 U.S.C. §§ 1251–1369.

Finally, the Court previously warned Plaintiff in Case No. 06-cv-13726 that no further filings would be accepted in the matter and that any future filings would be stricken. (*See* Case No. 06-cv-13726, ECF Nos. 85, 88, 91, 98.) The Court reiterates that any future filings related to Case No. 06-cv-13726 will be stricken, even if filed as a separate case.

IT IS SO ORDERED.

Dated: May 15, 2023           s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
